# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND A. NAPOLITAN, ) | |
| ) | Civil Action No. 15-912 |
| Petitioner, ) | |
| ) | Magistrate Judge Lisa Pup Lenihan |
| v. ) | |
| ) | |
| SUPERINTENDANT JAMEY ) | |
| LUTHER and THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## OPINION

For the reasons that follow, the Petition for Writ of Habeas Corpus (ECF No. 1) will be dismissed as untimely and a Certificate of Appealability will be denied.

### A. Procedural Background

Before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Raymond A. Napolitan ("Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his bench conviction in the Mercer County Court of Common Pleas, for Sexual Assault and Simple Assault, two counts of Recklessly Endangering Another Person, and summary offenses. (Resp't Ex. V, ECF No. 5-24). Petitioner was sentenced on October 28, 2008. (Resp't Exs. EE and FF, ECF Nos. 5-33, 5-34).

Petitioner filed a Notice of Appeal on December 1, 2008. (Resp't Exs. II and JJ, ECF No. 5-37, 5-38). On January 9, 2009, the lower court filed its opinions. (Resp't Exs. KK and LL, ECF No. 5-39, 5-40). The Pennsylvania Superior Court denied relief in a Memorandum Opinion

1

issued on December 22, 2009. (Resp't Ex. PP, ECF No. 5-44). Petitioner filed a Petition for Allowance of Appeal (PAA), which was denied by the Pennsylvania Supreme Court on June 8, 2010. (Resp't Exs. QQ and SS, ECF Nos. 5-45, 5-47).

On June 9, 2011, Petitioner filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA) alleging ineffective assistance of counsel. (Resp't Ex. TT, ECF No. 5-48). Testimony was taken on April 4, 2013 and May 30, 2013. (Resp't Ex. III, ECF No. 5-63). The PCRA petition was denied on May 30, 2013. ((Resp't Ex. JJJ, ECF No. 5-64). Petitioner filed a Notice of Appeal on June 14, 2013. (Resp't Exs. KKK and LLL, ECF Nos. 5-65, 5-66). On August 13, 2013, the lower court filed its opinion. (Resp't Ex. MMM, ECF No. 5-67). On March 18, 2013, the Pennsylvania Superior Court affirmed the PCRA court's denial of the petition. (Resp't Ex. VVV, ECF No. 5-76). No PAA was filed with the Pennsylvania Supreme Court.

On December 2, 2014, Petitioner filed his second PCRA Petition, alleging a change in the law rendering his sentence unlawful, and ineffective assistance of counsel for his failure to anticipate the change. (Resp't Ex. WWW, ECF No. 5-77). The second PCRA Petition was denied on May 11, 2015. (Resp't Ex. CCCC, ECF No. 5-83.) While Petitioner filed a *pro se* notice of appeal to the Court of Common Pleas on May 26, 2015, it did not appear to have been forwarded to the Pennsylvania Superior Court as there appears to be no docket entry for it. (Resp't Ex. DDDD, ECF No. 5-84.) Petitioner did not pursue any appeal with the Superior Court with any subsequent filings.

On July 13, 2015, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) In the Petition, Petitioner raises the following five claims, summarized as follows:

1. The sentencing enhancement statute, 42 Pa.C.S. § 9712, which was applied to Petitioner's conviction for Sexual Assault, was declared unconstitutional, thus entitling Petitioner to relief.
2. Trial counsel was ineffective for "failing to secure the presence of witnesses," and for advising Petitioner that the charges would be "thrown out for lack of evidence."

3. Trial counsel was ineffective for filing to replace his investigator and, thus, to properly investigate the case.

4. Trial counsel was ineffective for advising Petitioner to proceed with a non-jury trial rather than a jury trial.

5. Sexual assault allegations against officers with the Southwest Regional Police Department presented an additional means of attacking the credibility of witnesses at trial.

(ECF No. 1.) Respondents filed their Answer to the Petition on August 17, 2015. (ECF No. 5.)

**B. Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

As to the first inquiry, the vast majority of habeas cases fall within § 2244(d)(1)(A), with AEDPA's limitation period commencing for all claims on the date the state prisoner's judgment of sentence became final by the conclusion of direct review. Such is the case here.[1]

In this case, Petitioner was sentenced on October 28, 2008. He filed a post-sentence motion that was denied on November 6, 2008, and thereafter filed a notice of appeal on December 1, 2008. The Pennsylvania Superior Court denied his appeal by Memorandum

---

[1] Petitioner does not assert that there was an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the "trigger date" for all of his claims is the date his judgment of sentence became final.

4

Opinion entered on December 22, 2009. Petitioner then filed a PAA, which the Pennsylvania Supreme Court denied on June 8, 2010. Petitioner then had 90 days to file a petition for writ of certiorari in the United States Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). He did not do so. Consequently, his conviction became final on September 6, 2010, *i.e.* the date of the expiration of the 90 day period for filing a petition for writ of certiorari. Petitioner's one-year limitations period to file for federal habeas relief began to run the next day, and absent tolling of the limitation period, Petitioner had until September 6, 2011 to file a petition for writ of habeas corpus.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). Because Petitioner sought collateral relief, statutory tolling applies.

Petitioner filed a PCRA petition on June 9, 2011, at which point 275 days had elapsed since Petitioner's judgment of sentence became final. The statute of limitations was tolled until April 17, 2013, which was the date of the expiration of the 30 day period that Petitioner had to file a PAA in the Pennsylvania Supreme Court after the Superior Court denied his appeal on March 18, 2013. The statute of limitations started to run again the next day and ran until it expired 90 days later, on July 16, 2013 (365 days – 275 days = 90 days). Petitioner, however, did not file his Petition for Writ of Habeas Corpus until July 13, 2015, two years later. While Petitioner did file a second PCRA, it was not until December 2, 2014, at which point the statute of limitations for filing a petition for writ of habeas corpus had already expired. Clearly, the Petition was untimely filed.

Having failed to meet AEDPA's one-year statute of limitations, Petitioner's Petition for Writ of Habeas Corpus can only be saved by application of the doctrine of equitable tolling. The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. *See also* Ross, 712 F.3d at 798-804; United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

In his Petition, Petitioner states that his Petition was untimely filed due to "extraordinary circumstances". However, he does not elaborate or provide any factual support for his argument. Without knowing what prevented Petitioner from filing a timely petition, the Court cannot make a determination as to whether those circumstances qualify as extraordinary, and whether Petitioner was diligent in pursuing his rights under those circumstances. Thus, Petitioner has not demonstrated entitlement to equitable tolling, and therefore, the Petition will be dismissed as untimely.

### C. Certificate of Appealability

A certificate of appealability will be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address

petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).  A separate Order will issue.

    Dated: May 19, 2017.

                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge

cc:  Raymond A. Napolitan
      HW4984
      SCI Laurel Highlands
      5706 Glades Pike, P.O. Box 631
      Somerset, PA  15501

      Counsel for Respondents
      *Via ECF Electronic Mail*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND A. NAPOLITAN, ) | Civil Action No. 15-912 |
| Petitioner, ) | |
| ) | Magistrate Judge Lisa Pup Lenihan |
| v. ) | |
| SUPERINTENDANT JAMEY LUTHER and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, ) | |
| Respondents. ) | |

## ORDER

**AND NOW**, this 19th day of May, 2017, for the reasons set forth in the Opinion issued contemporaneously herewith,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed as untimely.

**IT IS FURTHER ORDERED** that a Certificate of Appealaiblity is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Raymond A. Napolitan
    HW4984
    SCI Laurel Highlands
    5706 Glades Pike, P.O. Box 631
    Somerset, PA 15501

    Counsel for Respondents
    *Via ECF Electronic Mail*